UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BOBBIE ADAMS**                                                                                 **PLAINTIFF**

v.                                                                         CAUSE NO.: 3:24cv236-KHJ-MTP

**RANKIN COUNTY, MISSISSIPPI, et al.**                                              **DEFENDANTS**

**PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

COMES NOW, Plaintiff Bobbie Adams, Individually ("Plaintiff") by and through undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure responds and objects to the Rankin County, Mississippi, Sheriff Bryan Bailey, and Tony Shack ("Defendants'") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each interrogatory to the extent it seeks information that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure and/or this Court's applicable Local Rules and Pre-Trial Orders.

2. Plaintiff objects to each interrogatory to the extent it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26.

3. Plaintiff objects to each Interrogatory to the extent it seeks information that it is irrelevant and/or not proportional to the needs of the case including but not limited to those that seek "All/ Each" information in a particular Interrogatory. The Defendants' requests for "All/ Each" information on an issue is not proportional to the needs of the case, and Plaintiff's discovery obligations are limited by principles of reasonableness and proportionality.

**EXHIBIT 2**

4. Plaintiff objects to each interrogatory to the extent it calls for identification of documents or information subject to or protected by the attorney-client privilege, the work product doctrine, any other privileges or doctrines limiting discovery, and any applicable state or federal regulations. Plaintiff does not intend to waive, by these answers/responses or by production of documents, any privileges or claims of confidentiality associated with information or documents that are produced in this action.

5. Plaintiff objects to each interrogatory to the extent it seeks documents or information for which the Defendants have already been provided an authorization to retrieve such information, as such information is as easily accessible to the Defendants as it is to the Plaintiff.

6. Plaintiff objects to each interrogatory to the extent it seeks information or documents so remote as to make the disclosure of such information of little or no practical benefit while imposing an unreasonable, unnecessary, and unproportional burden and expense on Plaintiff in ascertaining and disclosing such information or documents.

7. Plaintiff objects to each interrogatory to the extent it is not limited in time or scope.

8. Plaintiff does not waive or intend to waive, by way of his Answers/Responses to the Defendants' interrogatories, his rights to:

   a. Revise, amend or supplement these answers/responses;

   b. Object on any ground to the use of information or documents produced in response to interrogatories for any purpose, in whole or in part, in this or any other proceeding, action, or matter;

   c. Object on any grounds, at any time, to other discovery procedures or requests; and,

    d.  Object on the grounds of admissibility of any information or documents produced in response to the following Interrogatories.

  8. Plaintiff objects to the Definitions and Instructions set forth in Defendants' First Set of Interrogatories upon the grounds that said Instructions and Definitions seek to place a burden upon Plaintiff that exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure and this Court's Local Rules and Pre-Trial Orders. The Defendants' Definitions and Instructions render these interrogatories so irrelevant and/or not proportional to the needs of the case as to often be unanswerable and seek to require Plaintiff to provide information and supplemental information not contemplated by the Federal Rules of Civil Procedure and this Courts Local Rules and Pre -Trial Orders. Plaintiff will respond to said interrogatories without reference to the Defendants' Instructions or Definitions.

  9. Plaintiff objects to the extent these Interrogatories seek legal and or medical conclusions from persons without legal and/or medical training or knowledge.

## RESPONSES

**INTERROGATORY NO. 1:** Identify the name and, if known, the address and telephone number of each person you will or may call as a witness at the trial or hearing of this case, including by written statement, declaration, and/or affidavit, concerning and/or relating to the Rankin County Sheriff's Department and/or any employee thereof.

**RESPONSE TO INTERROGATORY NO. 1:** Objection. Interrogatory No. 1 is compound and overbroad, exceeding the scope of permissible discovery. Subject to and without waiving said objection, the defendant expects to call or may call the following witnesses at the trial of this action:

  a. The defendant further reserves the right to seasonally supplement his response

3

to this interrogatory. Plaintiff intends to call Sheriff Bryan Bailey, Christopher Dedmon and all others to be identified during discovery. All medical personnel previously listed in filing with the Court. See answer to Interrogatory #2.

**INTERROGATORY NO. 2:** Identify the name and, if known, the address and telephone number, of each person likely to have discoverable information concerning and/or relating to the instance(s) described in the Plaintiff's [1] Complaint.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff does not know names for contact information of each Defendant that was a party and may be later discovered. The other parties besides Christopher Demond were listed on Rankin County reports as "Cpl" and 'other marked deputies' without further identification. See Rule 26 disclosures, the MBI production and the Rankin County production received in response to Plaintiff's open records requests. The medical providers listed in records provided previously and here will have knowledge.

Emily M. Tarver, M.D., University Mississippi Medical Center, 2500 North State Street, Jackson, MS 39216, 601.496.9534.

Evan Powers, MD, University Mississippi Medical Center, 2500 North State Street, Jackson, MS 39216, 601.496.9534.

Patrick F. Bergin, MD, University Mississippi Medical Center, 2500 North State Street, Jackson, MS 39216, 601.496.9534.

Laura Vearrier, MD, University Mississippi Medical Center, 2500 North State Street, Jackson, MS 39216, 601.496.9534.

Bridget Elizabeth Cheng, MD, University Mississippi Medical Center, 2500 North State Street, Jackson, MS 39216, 601.496.9534.

4

supplement this Answer as appropriate and in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and Scheduling Order.

Plaintiff does not have additional information responsive to this interrogatory at this time. Plaintiff reserves the right to supplement this Answer as appropriate and in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and Scheduling Order.

**DATED**, this 14th day of April, 2025.

**BOBBIE ADAMS - PLAINTIFF**

BY:   /s/ Bobby Moak

**OF COUNSEL:**

BOBBY MOAK MSB #9915
LAW OFFICE OF BOBBY MOAK, PC
402 Monticello Street
P.O. Box 242
Bogue Chitto, MS  39629-0242
Telephone: (601) 734-2566
Facsimile: (601) 734-2563
MS Bar # 9915
bobbymoak402@att.net
bmoak@locnet.net
www.bobbymoak.net

## CERTIFICATE OF SERVICE

I, Bobby Moak, do hereby certify that I have this day served, via first-class mail, a true and correct copy of the foregoing discovery document to the following counsel of record:

>Jason E. Dare
>C. Stephen Stack, Jr.
>BIGGS, INGRAM & SOLOP, PLLC
>Post Office Box 14028
>Jackson, Mississippi 39236-4028

and filed a notice of service using the ECF filing system, which caused a true and correct copy to be served by electronic mail on all counsel of record.

**THIS,** the 14th day of April, 2025.

>/s/ Bobby Moak
>**BOBBY MOAK**