UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBIE ADAMS                                                                                           PLAINTIFF

v.                                                                      CAUSE NO.: 3:24-cv-236-KHJ-MTP

SHERIFF BRYAN BAILEY, et al.                                                             DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

NOW COME Defendants Rankin County, Mississippi, Sheriff Bryan Bailey, and K9 Officer Tony Shack, by and through counsel, and in support of their motion *in limine*, state as follows:

1. Introduction & Statement of Facts

Plaintiff's [1] Complaint was filed on April 30, 2024, and alleges federal § 1983 and § 1985 claims relating to the arrest of Plaintiff Bobbie Adams on or around May 1, 2021. [1] Complaint, ¶¶ 43-55. Specifically, Plaintiff alleges a Fourth Amendment excessive force claim relating to bites he sustained from a K9 unit after fleeing from deputies trying to effectuate his arrest. *Id.*, ¶¶ 79-81. He also alleges a § 1985 conspiracy by and between Rankin County Sheriff Department ("RCSD") personnel. *Id.*, ¶¶ 87-95. All official capacity claims have been dismissed. [28] Agreed Order. The trial of this cause is tentatively scheduled to commence on or around December 1, 2025, with a pretrial conference currently scheduled for October 30, 2025. [29] Case Management Order. These Defendants filed their [47] Motion for Summary Judgment on June 30, 2025, which is fully briefed and remains pending before the Court. Due to the current posture of this litigation and without waiver of any arguments made in their [47] Motion and/or related briefing, Defendant have filed their motion *in limine* seeking to

preclude Plaintiff from introducing into evidence, arguing, and/or in any other way referencing at the trial of this cause, whether in opening or closing arguments, through witness testimony, or otherwise, the following issues or matters.

    2.    <u>Motion *in Limine* No. 1: Any newspaper articles or contents of newspaper articles as classic inadmissible hearsay</u>.

Newspaper articles are "classic, inadmissible hearsay" and cannot be offered as competent evidence to prove the truth of the facts they report. *Skinner v. Hinds County*, No. 3:10cv358-DPJ-FKB, 2014 U.S. Dist. LEXIS 10909, at *24 (S.D. Miss. Jan. 29, 2014) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) ("[N]ewspaper articles [are] classic, inadmissible hearsay."); *citing James v. Tex. Collin County*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay.").

Based on the foregoing, Plaintiff should be precluded from making any arguments, introducing any evidence, and/or asking any witnesses about newspaper articles as same are classic inadmissible hearsay.

    3.    <u>Motion *in Limine* No. 2: Any evidence, testimony, or reference to the "Goon Squad", the incident on January 24, 2023, and/or the criminal conviction of Christian Dedmon</u>.

Plaintiff's [1] Complaint and [51] Memorandum Response include many references, pictures, and allegations concerning the alleged "Goon Squad" and/or events on January 24, 2023, that resulted in the arrest of former deputies at the RCSD, including Christian Dedmon. Pursuant to Fed. R. Evid. 403, this court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*

There is no probative evidentiary value at the trial of this cause to referencing an alleged "Goon Squad" at the RCSD, especially being that the uncontested testimony from Dedmon is that he did not know of the term's existence until the Summer of 2023 – after he was incarcerated for events that occurred on January 24, 2023. [52-1] Dedmon Deposition, pgs. 36-37. Moreover, the events that occurred on January 24, 2023, and/or the subsequent criminal conviction of Dedmon and others have no relevance to any claim against Rankin County and/or Sheriff Bailey, since Plaintiff's claims against these Defendants are dependent upon evidence of "sufficiently numerous **prior** incidents, each of which includes specific facts that are sufficiently similar to those alleged here." *Estate of Coates v. Hawthorne*, No. 24-40561, 2025 U.S. App. LEXIS 25515, at *16 (5th Cir. Oct. 1, 2025) (quoting *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024)) (emphasis added). The January 24, 2023, incident, Dedmon's criminal issues related to same, and/or any allegations of a "Goon Squad" did not occur until well after the May 1, 2021, incident at issue in this litigation. And there have never been allegations that Rankin County and/or Sheriff Bailey had knowledge of these allegations prior to May 1, 2021. These allegations, however, would undoubtedly lead to unfair prejudice against Defendants and would have a substantial likelihood of misleading the jury.

For these reasons, any testimony, evidence, or argument in any form concerning the alleged "Goon Squad," the incident that occurred on January 24, 2023, and/or the criminal conviction of Dedmon should be excluded.

    4.    <u>Motion *in Limine* No. 3: Plaintiff's innocence or denial of guilt related to his underlying criminal charges</u>.

Plaintiff should be precluded from offering any testimony, argument, or evidence suggesting that he is innocent of the underlying criminal charges to which he pleaded guilty.

3

[47-5] Sentencing Order. Pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff who has been convicted or has pleaded guilty to a criminal offense may not, in a subsequent civil proceeding, assert claims or arguments that would necessarily imply the invalidity of that conviction. The United States Supreme Court held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" *Id.* at 486-87.

> "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed…, expunged…, declared invalid…, or called into question by a federal court's usance of a writ of habeas corpus."

*Id.* Thus, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* "[I]f it would, the complaint must be dismissed unless the plaint can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because Adams' guilty plea constitutes a valid conviction that has not been invalidated, any argument or evidence suggesting innocence, or otherwise contradicting the factual basis of that plea, would necessarily imply the invalidity of his conviction and is therefore barred. Accordingly, the Court should exclude any such testimony, evidence or argument by Plaintiff in any way suggesting or alleging the invalidity of this conviction resulting from the incident on May 1, 2021.

     5.     <u>Motion *in Limine* No. 4: Plaintiff's medical expenses</u>.

A Mississippi sheriff is responsible for the medical care of detainees housed in his or her jail, irrespective of liability and/or cause of the injury. *See* Miss. Code Ann. § 47-1-57. At his deposition, Plaintiff admitted that he has not paid any medical expenses and did not have health insurance to pay any medical expenses. Exhibit 1. Moreover, it is uncontested that

Rankin County and/or Sheriff Bailey either have already paid or would be responsible for paying all of Plaintiff's medical expenses while incarcerated in the Rankin County Adult Detention Center, irrespective of liability as alleged in this litigation. *See e.g.*, Exhibit 2. Accordingly, Plaintiff should be precluded from putting on any evidence at trial and/or making any arguments at trial concerning his medical expenses. *See Hansen v. United States*, No. 8:21-cv-371, 2023 U.S. Dist. LEXIS 206160, at *38-39 (D. Neb. Nov. 17, 2023).

6. <u>Conclusion</u>

For these reasons, it is respectfully requested that Defendant's instant motion *in limine* be granted in full, and that Plaintiff be precluded from introducing evidence and/or making any arguments at trial and/or in any way referencing the matters referenced herein.

RESPECTFULLY SUBMITTED, this 9th day of October, 2025.

        RANKIN COUNTY, MISSISSIPPI, BRYAN BAILEY, TONY SHACK - DEFENDANTS

BY:    /s/ Jason E. Dare
        JASON E. DARE

OF COUNSEL:

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone: (601) 987-5307
Facsimile: (601) 987-5307

5