IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BOBBIE ADAMS**                                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:24-cv-236-KHJ-MTP**

**SHERIFF BRYAN BAILEY, ET AL.**                                   **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

COMES NOW the Plaintiff, Bobbie Adams, by and through undersigned counsel, and files this, his Memorandum in Support of his Response in Opposition to Defendants' Motion in Limine [Dkt. No. 55, 56]. In support thereof, he would show unto the Court the following.

**I.**      **Evidence of the contents of the newspaper articles is admissible.**

The Moving Defendants seek to exclude "[a]ny newspaper articles or contents of newspaper articles as classic inadmissible hearsay" [Dkt. No. 56, p.2]. While the Plaintiff concedes that the newspaper articles themselves are hearsay, the Plaintiff should be permitted to reference and introduce evidence of the *contents* of the articles.

Newspaper articles themselves "are indeed hearsay, and even if properly authenticated, still cannot be admitted to prove the truth of the matters reported therein." *Thompson v. City of Meridian, Mississippi,* No. 4:10CV102TSL-MTP, 2012 WL 13024370, at *7 (S.D. Miss. Mar. 29, 2012). However, the Plaintiff should be allowed to make arguments regarding, to introduce evidence of, and to question witnesses about the contents within the newspaper articles. *See Thompson,* 2012 WL 13024370 at *7 (denying a motion in limine to the extent it sought "to exclude any evidence of the contents of the articles").

Numerous newspaper articles—including the *New York Times* article titled "How a 'Goon Squad' of Deputies Got Away With Years of Brutality," which is attached to the Complaint as Exhibit 1—detail the culture of violence and racism that exists within the Rankin County Sheriff's Department. The articles include references to statements by public officials and private citizens, documents obtained by public records requests, and court documents—all of which demonstrate prior acts of brutality by Rankin County officials.

This content is highly relevant to the Plaintiff's case in that it exhibits the longstanding unconstitutional customs and practices that led to Plaintiff's injury. While not using the articles themselves, the Plaintiff must nevertheless be allowed to introduce evidence of these customs and practices, to the extent such evidence comports with the applicable rules of evidence.

## II. Evidence of the Goon Squad and of Dedmon's conviction is admissible.

A jury may find Rankin County liable either through the actions/inactions of Bailey himself or through the custom or policy of the Rankin County Sheriff's Department, all of which is discussed in depth in the Plaintiff's Response to these Defendants' Motion for Summary Judgment [Dkt. No. 50, 51].

"A municipality's failure to train its police officers can without question give rise to § 1983 liability." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387). The failure to train and the failure to supervise are considered synonymous. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).

Importantly, the Plaintiff may prevail on his failure to supervise theory if he shows the jury 1) that Rankin County's supervision policies were inadequate, 2) that Rankin County was deliberately indifferent in adopting their supervision policies, and 3) that the inadequate

supervision policies directly caused the violations in question. *See World Wide St. Preachers* at 756.

At the trial of this matter, the Plaintiff plans to confront Defendant Sheriff Bailey with each of the allegations of violent civil rights violations in which his deputies participated prior to the Goon Squad guilty pleas in the summer of 2023. The Plaintiff anticipates that Defendant Bailey will then claim that he was unaware of the existence of the Goon Squad or any of these violations until the Goon Squad guilty pleas in the summer of 2023. (See Exhibit A, Deposition of Bryan Bailey Excerpts, pp. 98-100, 126-127, 211). Defendant Bailey has previously admitted that he had no formal complaint procedures in place to receive complaints of brutality or other civil rights violations. (See Exhibit B, Deposition of Bryan Bailey Excerpts, p. 64-77.) The jury can then find that the absence of formal complaint procedures amounted to deliberate indifference on the part of Bailey and the County; for how can a municipality train and supervise its officers if it choses not to have a means by which citizens can effectively complain about their treatment by said officers?

Further, the Defendants seek to hide from the jury evidence that Defendant Dedmon is serving a prison sentence for his role in Goon Squad attacks. Notably, Dedmon himself is freely unburdening his soul to reporters, as evidenced in the attached New York Times newspaper article (which the Plaintiff will not be seeking to admit at trial). (See Exhibit C, "Ex-Deputy Describes Rampant Violence by Mississippi 'Goon Squad,'" *New York Times*, Feb. 22, 2025.) Not only must the jury be told of Dedmon's convictions so as to properly judge his credibility, but also Dedmon himself should be the one to seek exclusion of this information if he so chooses.

### III. The Plaintiff agrees as to the legitimacy of his conviction.

As stated in the Plaintiff's Response, the Plaintiff understands the holding of the United States Supreme Court in *Heck* and does not intend call into question the legitimacy of his conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The Plaintiff has no objection to an entry of an order granting this portion of the Defendants' Motion in Limine.

### IV. Evidence of the Plaintiff's medical bills is admissible.

The Defendants seek to prevent the jury from viewing the Plaintiff's medical bills and using them as a gauge to comprehend the seriousness of the injuries they inflicted upon him. It is undisputed that Defendant Rankin County is responsible for paying said bills.

Viewed from the standpoint of the individual Defendants Shack and Dedmon, preventing the jury from seeing evidence of the Plaintiff's medical bills would violate Mississippi's longstanding collateral source rule. "The collateral source rule bars a tortfeasor from reducing the damages it owes to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor." *Johnson v. 21st Century Centennial Ins. Co.*, No. 1:15CV74-LG-RHW, 2016 WL 4471887, at *2 (S.D. Miss. Aug. 24, 2016) (quoting *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008)) (internal quotation marks omitted). So it is clear that the motion in limine should be denied as to Shack and Dedmon.

With respect to their admissibility against Rankin County, the medical bills are essential to helping the jury determine the gravity of the Plaintiff's injuries. The Mississippi Supreme Court has addressed the evidentiary value of medical bills and found "that jurors 'have a right to know what services and/or goods were provided for the charges made. This can serve as an aid in their deliberations with respect to the seriousness and extent of the injuries complained of.'"

*McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 581 (Miss. 2011) (quoting *Jackson v. Brumfield,* 458 So.2d 736, 737 (Miss.1984)). Furthermore, any concerns about whether Rankin County's payment of the medical expenses would be viewed by the jury as an admission by Rankin County can be explained to the jury via instructions at the close of evidence.

WHEREFORE, for the reasons set forth herein and in the Plaintiff's Response, the Plaintiff respectfully requests that this Court deny in part the Defendants' Motion in Limine [Dkt. 55-56]. Specifically, the Plaintiff asks 1) that the Court deny the Motion as to Goon Squad evidence and evidence of Defendant Dedmon's conviction; 2) that the Court deny the Motion as to the amount of medical expenses; 3) that the Court grant as unopposed the Motion as to the admission of newspaper articles themselves into evidence; and 4) that the Court grant as unopposed the Motion as to the Plaintiff's references to the legitimacy of his own conviction.

RESPECTFULLY SUBMITTED, this the 23rd day of October, 2025.

/s/ Bobby Moak
Attorney for Plaintiff
MSB 9915

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification to all counsel of record.

This the 23rd day of October, 2025.

/s/ Bobby Moak
Attorney for Plaintiff
MSB 9915